UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CR-196-CVE |
| | ) |
| EDGAR ROBERT GONZALEZ, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is defendant's Unopposed Motion to Continue (Dkt. # 21). Defendant asks the Court to continue the jury trial of this matter to the March 2014 jury trial docket. Under the current scheduling order (Dkt. # 17), this case is set for jury trial on January 21, 2014. Defense counsel states that she received extensive discovery from the government, and she will need additional time to prepare for trial. She also states that defendant resides in California and this has caused delays in reviewing the discovery and communicating with her client. Defendant has submitted a speedy trial waiver (Dkt. # 21-1). Counsel for the government does not oppose defendant's motion.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things,

whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed the defendant's motion to continue the trial and finds that his request for a continuance should be granted in part. Defense counsel states that she has received extensive discovery from the government, but she has had limited time to review the materials. She also states that defendant resides in California and this has caused delays in communicating with defendant. Defense counsel will need more time to review the discovery materials and prepare for the trial, and defendant's request for a continuance of the jury trial is reasonable. However, defendant has not shown that a continuance to the March 2014 trial docket is warranted, and the Court will continue

2

the jury trial to the February 2014 jury trial docket.[1] In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue (Dkt. # 21) is **granted in part** and **denied in part**: defendant's request for a continuance of his jury trial to the March 2014 jury trial docket is denied but the jury trial will be continued to the February 2014 jury trial docket. The jury trial set for January 21, 2014 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | January 24, 2014 |
| Responses due: | February 7, 2014 |
| **PT/CP/Motions Hearing:** | **February 12, 2014 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | February 13, 2014 |
| **Jury Trial:** | **February 18, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between January 21, 2014 and February 18, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 12th day of December, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that plaintiff's counsel states that he will be unavailable for trial in February 2014. Dkt. # 21, at 2. The Court will consider a request to reset the jury trial to an alternate date if it appears that defendant intends to exercise his right to a trial and plaintiff's counsel is still unavailable for trial in February 2014, but the record before the Court does not justify a continuance to the March 2014 jury trial docket.

3